UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS and ROBERT E. LIFSON,<br><br>Plaintiffs,<br><br>v.<br><br>ASSISTED LIVING CONCEPTS, INC., and LAURIE A. BEBO,<br><br>Defendants. | Case No. 12-CV-884-JPS<br><br><br><br>ORDER |

The initial plaintiff, Robert E. Lifson, filed this suit on August 29, 2012, alleging that the defendants violated federal securities laws. (Docket #1). After a brief dispute over appointment of a lead plaintiff, the Court appointed Pension Trust Fund for Operating Engineers ("Pension Trust") as lead plaintiff. (Docket #5, #10, #15, #16). The Court held a scheduling conference on February 6, 2013, and later entered a trial scheduling order requiring the filing of dispositive motions by September 2, 2013, and setting trial for December 9, 2013. (Docket #30, #37).

Approximately one month after entry of the trial scheduling order, Pension Trust filed a motion to lift the temporary discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") upon the defendants' filing of a motion to dismiss. (Docket #38). The defendants filed motions to dismiss on April 1, 2013, thus initiating the stay by operation of law. (Docket #40, #43); 15 U.S.C. § 78u-4(b)(3)(B). They also filed briefs opposing Pension Trust's motion to lift the stay. (Docket #52, #55). Pension Trust filed a reply, continuing to assert its argument in favor of lifting the stay. (Docket #56). Thus, the matter is now fully briefed and ripe for decision.

The PSLRA automatically imposes a stay on discovery "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). The stay cannot be lifted "unless the court finds . . . that particularized discovery is necessary to preserve evidence or to prevent undue prejudice . . . . " *Id.* The purpose of this stay is to allow the Court to evaluate plaintiffs' claims in security actions before the defendant is required to engage in extensive and expensive discovery. *See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313. In that way, it operates as a check against abusive litigation: it prevents plaintiffs from asserting meritless securities claims against defendants in the hopes of extracting an unmerited settlement, paid by the defendants to avoid the costs of discovery. *Id.*

With that backdrop in mind, the Court turns to a closer examination of the statute in issue. In essence, the PSLRA requires that plaintiffs make three separate showings before a court may lift a stay: it is necessary to show that (1) "exceptional circumstances exist," such that allowing discovery would not violate the ethos of the PSLRA discovery stay and further that (2) "particularized discovery" is (3) necessary to either (a) "preserve evidence" or (b) "prevent undue prejudice" to a party. *See* 15 U.S.C. § 78u-4(b)(3)(B). Thus, before this Court can lift the PSLRA stay, it must first find each of those three items.

Pension Trust has established the first of those elements. Pension Trust seeks two groups of documents: (1) documents disclosed by the defendants to the SEC pursuant to a subpoena; and (2) documents disclosed in discovery in separate adversarial proceedings between the two separate defendants, Assisted Living Concepts, Inc. ("ALC") and Laurie Bebo. Courts have lifted stays with regard to certain documents already produced in other actions

with governmental agencies or others.[1] That is partly because, where documents have already been collated and produced to other entities, the burdens of discovery are far less substantial. *E.g.*, *Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds v. Sadia S.A.*, No. 08 Civ. 9528, 2009 WL 1285845, at *1 (S.D.N.Y. May 8, 2009) ("One of the principal purposes of the PSLRA discovery stay is to eliminate the cost of discovery before the potential merit of a case is assessed at the motion to dismiss phase. However, that burden is slight when a defendant has already found, reviewed and organized the documents." (internal citations omitted)). As such, given the less burdensome prospect of discovery, defendants in such circumstances may be much less likely to feel the pressure to engage in a settlement of meritless claims. Therefore, the PSLRA's discovery stay provisions would presumably apply with less force. Similarly, here, where the defendants have already gathered the discovery materials sought by Pension Trust, the Court finds that exceptional circumstances exist, moving this case outside the intended ambit of the PSLRA discovery stay.

---

[1] *See, e.g.*, *Westchester Putnam Heavy & Highway Laborers Local 60 Benefit Funds v. Sadia S.A.*, No. 08 Civ. 9528, 2009 WL 1285845, at *1 (S.D.N.Y. May 8, 2009); *Waldman v. Wachovia Corp.*, No. 08 Civ. 2913, 2009 WL 86763 (S.D.N.Y. Jan. 12, 2009); *Seippel v. Sidley, Austin, Brown & Wood LLP*, No. 03 CIV.6942, 2005 WL 388561, at *1–*2, *4 (S.D.N.Y. Feb. 17, 2005); *In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004) (citing *In re Firstenergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581 (N.D.Ohio 2004); *Singer v. Nicor, Inc.*, No. 02 Civ. 5168, 2003 WL 22013905, at *2 (N.D.Ill. Apr.23, 2003); *In re Enron Sec. Derivative & "ERISA" Litig.*, 2002 WL 31845114, at *1 (S.D.Tex. Aug.16, 2002); *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y.2002) (citing H.R. Conf. Rep. No. 104-369, at 37 (1995) and S.Rep. No. 104-98, at 14 (1995)); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D.Mass.2002); *Vacold LLC and Immunotherapy, Inc. v. Cerami*, No. 00 Civ. 4024, 2001 WL 167704, at *7 (S.D.N.Y. Feb.16, 2001)).

Furthermore, the discovery sought by Pension Trust is particularized. It is limited solely to relevant materials that have already been produced in other proceedings, similar to what has been permitted by other courts in PSLRA-lift cases. *See, e.g. In re Labranche*, 33 F. Supp. 2d at 181, 183; *In re Royal Ahold N.V. Securities & ERISA Litig.*, 220 F.R.D. 246, 250 (D. Md. 2004). By no means is theirs a blanket request for all potentially-relevant materials, nor is Pension Trust requesting to take depositions during the pendency of the motions to dismiss. On the whole, Pension Trust is requesting a relatively-limited amount of materials, all of which have been produced elsewhere and are accordingly subject to readily definable constraints. For that reason, the Court finds that Pension Trust's requested discovery modification satisfies the particularity requirement.

The final question is whether this modification is necessary to either preserve evidence or prevent undue prejudice. This is a much more difficult question. The Court believes that the first of those items—preservation of evidence—is clearly not a concern. Pension Trust argues that this is a concern because one of ALC's vice presidents was found to be destroying relevant evidence. (Pl. Br. in Supp. at 15–16; Pl. Reply 6–7). To begin, that was a single instance of malfeasance by a single bad actor. It is concerning, to be sure, but there is no evidence that ALC or Ms. Bebo have engaged in that form of conduct. Moreover—and more importantly—although it should go without saying, the Court admonishes the defendants that if any such activity should occur, there will be very serious consequences. The specter of such consequences should be more than adequate to determine any further destruction of evidence.

Page 4 of 6

Case 2:12-cv-00884-JPS    Filed 05/03/13    Page 4 of 6    Document 57

On the other hand, the Court believes that lifting the stay is necessary to prevent undue prejudice to Pension Trust. "Undue prejudice" has been defined as "improper or unfair treatment amounting to something less than irreparable harm." *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006) (citing *Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y Feb. 16, 2001); *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996); *In re Vivenendi Universal, S.A., Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003); *In re Elan Corp. Sec. Litigation*, No. 02 Civ. 865, 2004 WL 1303638, at *1 (S.D.N.Y. May 18, 2004)). Other courts have found that undue prejudice is present where the defendants have disclosed documentation in the midst of reorganizing, merging, or being acquired (*e.g.*, *Royal Ahold*, 220 F.R.D. 246); where the defendants have submitted documentation in federal investigations (*e.g. In re Labranche*, 333 F. Supp. 2d at 181–82); or where the defendants faced separate lawsuits (*e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d at 305). In those cases, the courts were particularly concerned with the plaintiffs' abilities to adequately pursue settlement and other options when at an informational disadvantage compared to other parties. *See, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d at 305 (without lifting the stay, plaintiff "would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape."); *In re Delphi Corp.*, 2007 WL 518626, at *7 (plaintiffs were not given access to same documents creditors, causing them to face the risk that there would not be any funds at the conclusion of the action); *In re Labranche*, 333 F. Supp. 2d at 184.

These same circumstances and concerns are present here. In fact, ALC currently faces all three of the above-discussed situations: it is in the midst of being acquired by a private equity group, is being federally investigated by the SEC, and is facing other lawsuits (including a contract suit filed against them by their co-defendant in this case, Ms. Bebo). Simply put, Pension Trust is fighting this lawsuit in a rapidly shifting landscape, at an informational disadvantage when compared to the many other interested parties. Therefore, the Court believes that Pension Trust would face undue prejudice if the Court were not to lift the stay.

Having found that this situation satisfies each of the three PSLRA requirements to lift a stay, the Court will grant Pension Trust's motion to do so.

Accordingly,

IT IS ORDERED that the plaintiffs' motion for relief from the PSLRA discovery stay (Docket #38) be and the same is hereby GRANTED; within five days of the entry of this order, the defendants shall produce all documents disclosed to the SEC in response to the SEC's subpoena and exchanged in discovery between ALC and Bebo in their various adversarial proceedings.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 6 of 6

Case 2:12-cv-00884-JPS   Filed 05/03/13   Page 6 of 6   Document 57