UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS and ROBERT E. LIFSON,<br><br>              Plaintiffs,<br>v.<br><br>ASSISTED LIVING CONCEPTS, INC., and LAURIE A. BEBO,<br><br>              Defendants. | Case No. 12-CV-884-JPS<br><br><br><br>ORDER |

WHEREAS, Lead Plaintiff Pension Trust Fund For Operating Engineers ("Lead Plaintiff"), on behalf of itself and the Class (as hereinafter defined), and Defendants Assisted Living Concepts, Inc. and Laurie A. Bebo (collectively, "Defendants" and together with Lead Plaintiff, "Settling Parties") have entered into a settlement of the claims asserted in the above-captioned action (the "Litigation"), the terms of which are set forth in the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto and the separate Supplemental Agreement among the Settling Parties, sets forth the terms and conditions of the proposed settlement of the claims asserted in the Litigation and dismissal of the Litigation with prejudice (the "Settlement"); and

WHEREAS, the Court having read and considered the Stipulation and exhibits thereto, including the proposed (i) Notice; (ii) Claim Form; (iii) Summary Notice; and (iv) Judgment, and submissions relating thereto, and finding that substantial and sufficient ground exists for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This order (the "Preliminary Approval Order" or "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court hereby preliminarily approves the Settlement as being fair, just, reasonable and adequate to the Class, pending a final hearing on the Settlement.

3. Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Litigation, except the Final Approval Hearing, are hereby taken off calendar.

CLASS CERTIFICATION

4. The Court hereby preliminarily certifies, for settlement purposes only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

> All Persons who purchased or otherwise acquired ALC Stock between March 4, 2011 and August 6, 2012, inclusive, and were allegedly damaged thereby. Excluded from the Class are Defendants, present or former executive officers of ALC and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and 1(b)(ii)). Also excluded from the Class are those Persons who submit valid requests for exclusion.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is appointed as the Class Representative and Bernstein Litowitz Berger & Grossmann LLP is appointed as Lead Counsel for the Class.

6. Lead Counsel has the authority to enter into the Stipulation on behalf of Lead Plaintiff and the Class, and is authorized to act on behalf of Lead Plaintiff and the Class, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

7. The Court approves the firm of A.B. Data, Ltd. ("Claims Administrator") to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

    a. No later than ten (10) business days after entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to all Members of the Class at the address of each such Person as set forth in the records of ALC or its transfer agent or who are identified by further reasonable efforts as set forth in the Stipulation;

    b. A summary notice (the "Summary Notice"), annexed hereto as Exhibit A-3, shall be published once in the national edition of The Investor's Business Daily and over the PR Newswire no later than ten (10) business days after the Notice Date; and

    c. The Notice, the Summary Notice, and the Claim Form shall also be placed on the website created for this Settlement, on or before the Notice Date.

8. The Court approves the form, substance and requirements of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth

in Paragraph 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act") (as amended by the Private Securities Litigation Reform Act of 1995), 15 U.S.C. § 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

9. Within five (5) business days of entry of this Order, ALC shall begin to provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) any lists it or its agent(s) has that identify Class Members (including names and addresses), in electronic form, and shall complete the production of such information no later than ten (10) business days of the date of entry of this Order.

10. No later than thirty-five (35) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11. Nominees who purchased or otherwise acquired ALC Stock during the Class Period for beneficial owners who are Class Members are directed to: (a) request within ten (10) days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after receipt of the Notice. If a nominee elects to send the Notice to

beneficial owners, such nominee is directed to mail the Notice within ten (10) days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Order, including the timely mailing of Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

HEARING: RIGHT TO BE HEARD

12. The Court will hold a settlement hearing (the "Final Approval Hearing") on Thursday, December 19, 2013, at 10:00 A.M., in the United States District Court for the Eastern District of Wisconsin, 362 United States District Courthouse, 517 East Wisconsin Ave., Courtroom 425, Milwaukee, Wisconsin, for the following purposes: (i) to determine whether the Court should grant final certification of the Class solely for purposes of the Settlement; (ii) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (iii) to determine whether the Judgment, in substantially the form attached as Exhibit B to the Stipulation, should be

entered, inter alia, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Persons; (iv) to rule upon the Plan of Allocation; (v) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses; and (vi) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

13. Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses shall be filed no later than thirty-five (35) calendar days prior to the Final Approval Hearing. Reply papers shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

14. Any Member of the Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of litigation expenses. However, no Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Judgment, the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, unless that Person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon the following counsel for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing:

Lead Counsel for the Class:

>   BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
>   Blair A. Nicholas
>   Niki L. Mendoza
>   12481 High Bluff Drive, Suite 300
>   San Diego, California 92130-3582

Counsel for Defendants:

>   MILBANK, TWEED, HADLEY & McCLOY LLP
>   Michael L. Hirschfeld
>   Thomas A. Arena
>   1 Chase Manhattan Plaza
>   New York, New York 10005

>   REED SMITH LLP
>   Sarah R. Wolff
>   David Z. Smith
>   10 S. Wacker Drive
>   Chicago, Illinois 60606

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Eastern District of Wisconsin. Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in ALC Stock, including dates and prices paid and received, and including brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; and (g) a list of other cases in which the objector or the objector's

counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the Settlement.

15. If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

16. Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

17. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing, or any adjournment or continuance thereof, without further notice to Class Members, and (b) approve the Stipulation, the Plan of Allocation, or an award of attorneys' fees and reimbursement of litigation expenses with modification and without further notice to Class Members. The Court retains jurisdiction of this Litigation to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

18. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

CLAIMS PROCESS

19. To be entitled to potentially participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the instructions contained therein. To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than one-hundred and twenty (120) days after the Notice Date.

20. Any Class Member who does not timely submit a valid Claim Form shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Released Claims against the Released Persons and shall be bound by any judgment or determination of the Court affecting the Class Members.

REQUEST FOR EXCLUSION FROM THE CLASS

21. Any requests for exclusion must be submitted for receipt no later than twenty-one (21) calendar days prior to the Final Approval Hearing.

Any Class Member who wishes to be excluded from the Class must provide (a) the name, address and telephone number of the Person requesting exclusion; (b) the Person's transactions in ALC Stock during the Class Period, including the dates, the number of ALC Stock purchased, acquired and/or sold or disposed of, the date of each purchase, acquisition or sale or disposal and the price paid and/or received; and (c) a statement that the Person wishes to be excluded from the Class. The Claims Administrator shall be requested to promptly deliver copies of all written requests for exclusion from the Class to counsel for all Settling Parties by facsimile or other electronic means, and within three (3) business days of receipt thereof. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.

22. Any Member of the Class who does not request exclusion from the Class in the manner stated in this Order shall be deemed to have waived his, her or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to the release of the Released Claims against the Released Persons provided for in the Stipulation and the Judgment, if the Court grants final approval to the Settlement.

23. The Released Persons shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses. The Plan of Allocation and Lead Counsel's application for an

award of attorneys' fees and reimbursement of litigation expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Lead Plaintiff's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and litigation expenses to be awarded. Any appeal from any orders relating to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and litigation expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

24. Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

25. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

26. As set forth in the Stipulation, Lead Counsel may cause the Settlement Fund to pay notice and administration costs reasonably, necessarily and actually incurred, without further approval of Defendants or order of the Court, including Notice and Administration Costs and Taxes and Tax Expenses. In the event the Court does not approve the Settlement, or if the Settlement otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed for such purposes.

27. As set forth in the Stipulation, neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission by, or evidence of, a finding against, Defendants with respect to certification of any class or any class definition. Any Person may file the Stipulation and/or the Judgment in any action in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28. Unless otherwise provided in the Stipulation or ordered by the Court, there shall be no distribution of any of the Net Settlement Fund to any Class Member until a Plan of Allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

29. In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order

(except Paragraphs 26 through 29) shall be null and void, the Stipulation (except as otherwise provided therein) shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2013.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge