UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS and ROBERT LIFSON, | Case No. 12-C-884-JPS |
| Plaintiffs, | <u>CLASS ACTION</u> |
| | **<u>EXHIBIT A-1</u>** |
| v. | |
| ASSISTED LIVING CONCEPTS, INC. and LAURIE BEBO, | |
| Defendants. | |

### NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT HEARING, AND MOTION FOR ATTORNEYS' FEES <u>AND REIMBURSEMENT OF LITIGATION EXPENSES</u>

*A Federal Court authorized this Notice.*

*This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Action" or "Litigation") if, during the period between March 4, 2011 and August 6, 2012, inclusive, you purchased or otherwise acquired the publicly-traded Class A common stock of Assisted Living Concepts, Inc. ("ALC Stock").

NOTICE OF SETTLEMENT: Please also be advised that the Court-appointed Lead Plaintiff, the Pension Trust Fund For Operating Engineers ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement of the Action for a total of $12 million in cash that will resolve all claims in the Action (the "Settlement").

Case 2:12-cv-00884-JPS   Filed 09/25/13   Page 1 of 29   Document 73-1

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. Please read this Notice carefully and in its entirety!**

1. **Description of the Litigation and Class:** This Notice relates to the pendency and proposed settlement of a class action lawsuit against Defendants Assisted Living Concepts, Inc. ("ALC") and Laurie A. Bebo ("Bebo") (collectively, "Defendants"). Defendants and Lead Plaintiff are collectively referred to as the "Settling Parties" or "Parties." The proposed Settlement, if approved by the Court, will settle certain claims of all Persons who purchased or otherwise acquired ALC Stock between March 4, 2011 and August 6, 2012, inclusive (the "Class Period"), and who were allegedly damaged thereby (the "Class"), against Defendants and their Related Persons (defined below).

2. **Statement of Class' Recovery:** Subject to Court approval and, as described more fully below, Lead Plaintiff, on behalf of the Class, has agreed to settle claims related to the purchase or other acquisition of ALC Stock during the Class Period that were or could have been asserted against Defendants and their Related Persons in the Litigation in exchange for a settlement payment of $12 million to be deposited into an escrow account, plus interest thereon (the "Settlement Fund"). The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and certain litigation expenses) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the Members of the Class. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3. **Statement of Average Amount of Recovery Per Share:** The Settlement Fund consists of $12 million plus interest earned thereon. Your recovery will depend on the number of ALC Stock shares you purchased or otherwise acquired, and the timing and prices of those transactions. It will also depend on the number of valid Claim Forms that Members of the Class submit and the amount of such claims.

-2-

Assuming that all of the investors who purchased or otherwise acquired ALC Stock during the Class Period and were allegedly damaged thereby participate in the Settlement, Lead Counsel estimates that the estimated average distribution will be approximately $1.53 per Eligible Share[1] before the deduction of Court-approved fees and litigation expenses, as described below, and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share.

4. **Statement of the Parties' Position on Damages:** Defendants deny all claims of wrongdoing, deny that they are liable to Lead Plaintiff and/or the Class, and deny that Lead Plaintiff or other Members of the Class suffered any injury. Moreover, the Settling Parties do not agree on the amount of recoverable damages or on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail on each of the claims in this Litigation. The issues on which the Settling Parties disagree include, but are not limited to: (1) whether Lead Plaintiff or the Class Members have suffered damages, (2) whether the price of ALC's Stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, (3) whether Lead Plaintiff or the Class Members can prove that any alleged statements caused their alleged losses, and (4) whether Lead Plaintiff or the Class Members were otherwise harmed by the conduct alleged in the Litigation.

5. **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of certain litigation expenses paid or incurred by Plaintiffs' Counsel in connection with the

---

[1] For the purposes of the Settlement, "Eligible Shares" means shares of ALC Stock purchased or acquired during the Class Period that (a) were either sold during the Class Period or held at the end of the Class Period and (b) at the time of such sale or holding, the alleged artificial inflation of the ALC Stock price is alleged to have been less than the alleged artificial inflation of the ALC Stock price at the time of its purchase or acquisition.

Case 2:12-cv-00884-JPS   Filed 09/25/13   Page 3 of 29   Document 73-1

prosecution and resolution of the Action in an amount not to exceed $85,000.00 plus interest earned at the same rate and for the same period as earned by the Settlement Fund. The request for litigation expenses may include a request for reimbursement of the costs and expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4). Assuming that all of the investors who purchased or otherwise acquired ALC Stock during the Class Period and were allegedly damaged thereby participate in the Settlement, and if the Court approves Lead Counsel's fee and expense application, Lead Counsel estimates that the average cost per Eligible Share will be approximately $0.39.

      6. **Identification of Attorney Representatives:** Lead Plaintiff and the Class are being represented by Blair A. Nicholas, Esq. of Bernstein Litowitz Berger & Grossmann LLP, the Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to Mr. Nicholas at Bernstein Litowitz Berger & Grossmann LLP, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130-3582, (866) 648-2524, blbg@blbglaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND SUBMIT A VALID CLAIM FORM.** | This is the only way to receive a payment. If you wish to be potentially eligible to obtain a payment as a Member of the Class, you will need to file a claim form (the "Claim Form"), which is included with this Notice, postmarked no later than [120 calendar days after Notice Date]. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [21 calendar days prior to Settlement Hearing].** | Receive no payment. This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants and their Related Persons concerning the Released Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN [21 calendar days prior to Settlement** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. You cannot object to the Settlement unless you are a Member of |

| | |
|---|---|
| **Hearing].** | the Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON _____, AT _:___ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [21 calendar days prior to Settlement Hearing].** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Receive no payment, remain a Class Member, give up your rights and be bound by the Final Judgment and Order entered by the Court if it approves the Settlement, including the release of the Released Claims against Defendants and their Related Persons. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                    Page ___

What Is This Case About?  What Has Happened So Far?                            Page ___

How Do I Know If I Am Affected By The Settlement?                             Page ___

What Are The Settling Parties' Reasons For The Settlement?                    Page ___

What Might Happen If There Were No Settlement?                                Page ___

How Much Will My Payment Be?                                                  Page ___

What Rights Am I Giving Up By Agreeing To The Settlement?                     Page ___

What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid?                                                 Page ___

How Do I Participate In The Settlement?
What Do I Need To Do?                                                         Page ___

What If I Do Not Want To Be A Part Of The Settlement?
How Do I Exclude Myself?                                                      Page ___

When And Where Will The Court Decide Whether To Approve
The Settlement?  Do I Have To Come To The Hearing?                            Page ___

May I Speak At The Hearing If I Don't Like The Settlement?                    Page ___

What If I Bought ALC Stock On Someone Else's Behalf?                          Page ___

Case 2:12-cv-00884-JPS   Filed 09/25/13   Page 5 of 29   Document 73-1

Can I See The Court File?                                    Page ___

Whom Should I Contact If I Have Questions?                   Page ___

| WHY DID I GET THIS NOTICE? |
|:---:|

7.      This Notice is being sent to you pursuant to an Order of the United States District Court for the Eastern District of Wisconsin (the "Court") because you or someone in your family may have purchased or otherwise acquired ALC Stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator selected by Lead Plaintiff and approved by the Court will make payments to Authorized Claimants pursuant to the Settlement after any objections and appeals are resolved.

8.      In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.   In this Action, the Court has appointed the Pension Trust Fund For Operating Engineers as Lead Plaintiff under a federal law governing lawsuits such as this one, and approved Lead Plaintiff's selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP as lead counsel ("Lead Counsel") to serve as Lead Counsel in the Action.  Lead Plaintiff is the Class Representative.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.   Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

-6-

9. The Court in charge of this case is the United States District Court for the Eastern District of Wisconsin, and the case is known as *Pension Trust Fund For Operating Engineers and Robert Lifson v. Assisted Living Concepts, Inc. and Laurie Bebo.* The Judge presiding over this case is the Honorable J.P. Stadtmueller, United States District Judge. Entities who are suing are called the plaintiffs, and those who are being sued are called defendants. In this case, the plaintiff is referred to as Lead Plaintiff, on behalf of itself and the Class, and Defendants are ALC and Laurie Bebo, ALC's former President and Chief Executive Officer.

10. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Settlement Hearing").

11. The Settlement Hearing will be held on _____, at _:__ _.m., before the Honorable J.P. Stadtmueller, at the United States District Court for the Eastern District of Wisconsin, 362 United States District Courthouse, 517 East Wisconsin Ave., Courtroom 425, Milwaukee, Wisconsin to determine, among other things:

- whether the Court should grant final certification of the Class solely for purposes of the Settlement;

- whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court;

- whether the Released Claims against Defendants and the other Released Persons should be dismissed with prejudice and fully and finally released by Lead Plaintiff and the Class as set forth in the Stipulation of Settlement entered into by the Settling Parties (the "Stipulation");

-7-

- whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

- whether Lead Counsel's request for an award of attorneys' fees and reimbursement of certain litigation expenses should be approved by the Court; and

- any other matters that may be timely brought before the Court.

12. This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants (defined below) will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

| WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR? |
| --- |

13. On August 29, 2012, this putative class action was filed in the United States District Court for the Eastern District of Wisconsin. On November 14, 2012, the Court appointed Pension Trust Fund For Operating Engineers as Lead Plaintiff, and the law firm of Bernstein Litowitz Berger & Grossmann LLP as Lead Plaintiff's Counsel ("Lead Counsel") for the putative class.

14. On February 15, 2013, Lead Plaintiff filed an Amended Complaint for Violation of the Federal Securities Laws (the "Complaint"), alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. Sections 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. Section 240.10b-5, promulgated thereunder, on behalf of a class of all persons and entities who purchased or otherwise acquired the publicly-traded Class A common stock of ALC between March 4, 2011 and August 6, 2012, inclusive, and were allegedly damaged thereby.

15. The Complaint alleges that ALC and its subsidiaries operate licensed assisted living and senior living facilities across the United States, and that, among other things,

Defendants made material misrepresentations and omissions in SEC filings and other public statements regarding ALC's compliance with occupancy, operating and other covenants under the terms of a lease with Ventas Realty for eight assisted living residences; that ALC failed to disclose to investors uncorrected citations for serious regulatory violations, which led state regulators to serve notices of intent to revoke licenses for three Ventas Realty-leased facilities during the Class Period; and that when Defendants' misrepresentations and omissions became apparent to investors, the price of ALC Stock dropped sharply, causing the Class to incur substantial losses.

16.     On February 26, 2013, the Court entered a Trial Scheduling Order setting, among other dates, a trial date of December 9, 2013.  The Trial Scheduling Order also directed the Parties to confer to explore settlement and to "seriously undertake all appropriate measures" to resolve the litigation through mediation in lieu of trial.

17.     On March 28, 2013, Lead Plaintiff filed a Motion For Limited Relief From The PSLRA Discovery Stay, to which Defendants filed oppositions, and Lead Plaintiff filed a reply brief.  By Order dated May 3, 2013, the Court granted Lead Plaintiff's motion.

18.     On April 1, 2013, Defendants filed motions to dismiss the Complaint.   On May 13, 2013, Lead Plaintiff filed its opposition to the motions to dismiss, and on June 3, 2013, Defendants filed their replies in further support of their motions to dismiss.  By Order dated June 21, 2013, the Court granted in part and denied in part Defendants' motions to dismiss, dismissing the claims to the extent they assert material misrepresentations "stemming from the defendants' statements regarding the private pay strategy and representations regarding occupancy outside of ALC's 10-K and 10-Q submissions"; the Court otherwise sustained the Complaint's claims.  Defendants filed their Answers to the Complaint on July 12, 2013, and July 14, 2013.

19.     The Parties participated in a mediation session before Jed D. Melnick, Esq. on July 18, 2013, and settlement discussions continued thereafter under Mr. Melnick's supervision through July 29, 2013.

20.     The Parties subsequently submitted the Stipulation setting out terms of the proposed Settlement to the Court, along with Lead Plaintiff's motion for preliminary approval of the Settlement.  On _____, the Court preliminarily approved the Settlement, preliminarily certified the Class, authorized this Notice to be sent to potential Members of the Class, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
| --- |

21.     If you are a Member of the Class, you are subject to the Settlement unless you validly request to be excluded.  The Class consists of all Persons who purchased or otherwise acquired ALC Stock between March 4, 2011 and August 6, 2012, and were allegedly damaged thereby.  Excluded from the Class are Defendants, present or former executive officers of ALC and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and 1(b)(ii)).  Also excluded from the Class are those Persons who submit valid requests for exclusion (*see* "What If I Do Not Want To Participate In The Class And The Settlement?  How Do I Exclude Myself?" below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU WISH TO POTENTIALLY PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [120 days after Notice Date].**

| WHAT ARE THE SETTLING PARTIES' REASONS FOR THE SETTLEMENT? |
| --- |

22.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability for allegations of fraud.  Lead

-10-

Plaintiff and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

23.     In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $12 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would result in a similar, smaller, or no recovery after a ruling on an anticipated summary judgment motion, trial and appeals, possibly years in the future.

24.     Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action.  Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.   Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.  Defendants expressly deny that Lead Plaintiff has asserted a valid claim and deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
| --- |

25.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW MUCH WILL MY PAYMENT BE? |
| :---: |

## I.     THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

26.     The $12 million total settlement amount, and the interest earned thereon, shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund"), shall be distributed to Claimants who submit timely and valid Claim Forms that are approved for payment by the Court ("Authorized Claimants") under the Plan of Allocation described below, or as otherwise ordered by the Court.

27.     Each Authorized Claimant's share of the Net Settlement Fund will depend on the total number of ALC Stock shares represented by the valid Claim Forms submitted to the Claims Administrator, and the aggregate amount of those claims relative to the Net Settlement Fund. Each Authorized Claimant's share of the Net Settlement Fund will also depend on how many ALC Stock shares the Claimant purchased or acquired during the Class Period, the price, and when the Claimant purchased or acquired and sold or disposed of them.

28.     For purposes of determining the amount a Claimant may recover under the Plan of Allocation, Lead Counsel conferred with a damages consultant.

29.     The Plan of Allocation, subject to Court approval or modification without further notice to the Class, is as follows:

30.     The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws as opposed to losses caused by market or industry factors

or company-specific factors unrelated to the alleged violations of law. The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding ALC and statistical analysis of the price movements of ALC Stock and the price performance of relevant market and peer indices during the Class Period. The Plan of Allocation, however, is not a formal damages analysis.

31. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

32. The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts from March 4, 2011 through August 6, 2012 that inflated the price of ALC Stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

33. A "Recognized Loss Amount" will be calculated for each ALC Stock share purchased or otherwise acquired during the Class Period. In the calculations below, if the Recognized Loss Amount calculates to a negative number, the Recognized Loss Amount shall be zero.

34. For shares held at the end of trading on November 2, 2012, the Recognized Loss Amount shall be that number of shares multiplied by the lesser of:

Case 2:12-cv-00884-JPS   Filed 09/25/13   Page 13 of 29   Document 73-1

(1)     the applicable purchase date artificial inflation per share figure, as found in Table A below; or

(2)     the purchase price per share minus $7.70.[2]

35.     For shares sold between March 4, 2011 and August 6, 2012, the Recognized Loss Amount shall be that number of shares multiplied by the lesser of:

(1)     the applicable purchase date artificial inflation per share figure minus the applicable sales date artificial inflation per share figure, as found in Table A; or

(2)     the purchase price per share minus the sales price per share.

36.     For shares sold between August 7, 2012 and November 2, 2012, the Recognized Loss Amount shall be that number of shares multiplied by the least of:

(1)     the applicable purchase date artificial inflation per share figure, as found in Table A; or

(2)     the purchase price per share minus the sales price per share; or

(3)     the purchase price per share minus the average closing price between August 7, 2012 and the date of sale.[3]

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $7.70 was the mean closing price of ALC Stock during the 90-day period beginning on August 7, 2012 and ending on November 2, 2012.

[3] Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages

-14-

**Table A**

| Purchase or Sale Date Range | Artificial Inflation Per Share |
|---|---|
| 03/04/2011 – 05/03/2012 | $6.58 |
| 05/04/2012 – 05/10/2012 | $4.52 |
| 05/11/2012 – 08/06/2012 | $3.30 |

37.     If a Class Member has more than one purchase/acquisition or sale of ALC Stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

38.     Purchases or acquisitions and sales of ALC Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of ALC Stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares for the calculation of an Authorized Claimant's "Recognized Claim" (defined below) nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such ALC Stock shares unless (i) the donor or decedent purchased or otherwise acquired such ALC Stock shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of ALC Stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

---

shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

Case 2:12-cv-00884-JPS   Filed 09/25/13   Page 15 of 29   Document 73-1

39.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the ALC Stock.  The date of a "short sale" is deemed to be the date of sale of ALC Stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event a Claimant has an opening short position in ALC Stock, the earliest Class Period purchases or acquisitions shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

40.     The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

41.     With respect to all shares of ALC Stock purchased or otherwise acquired by a Claimant during the Class Period, the Claims Administrator will determine if the Claimant had a market gain or loss with respect to his, her or its overall transactions during the Class Period in those shares.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Sales Proceeds[5] and the Holding Value.[6]  This difference will be deemed a Claimant's market gain or loss with respect to his, her or its overall transactions in ALC Stock.  If a Claimant has a market gain, the value of that Claimant's Recognized Claim, and thus that Claimant's actual recovery, will be zero.  To the extent that a Claimant suffered an overall market loss with respect to his, her or its overall transactions in ALC Stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all ALC Stock purchased or acquired during the Class Period.

[5] The Claims Administrator shall match any sales of ALC Stock during the Class Period first against the Claimant's opening position in ALC Stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received for sales of the remaining ALC Stock sold during the Class Period is the "Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" of $7.89 to each share of ALC Stock purchased or acquired during the Class Period that was still held as of the close of trading on August 6, 2012.

-16-

42.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

43.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

44.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant, but rather the amount will be included in the distribution to the other Authorized Claimants who are entitled to prorated payments $10.00 or greater.

45.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Counsel, Lead Plaintiff, the Claims Administrator, Defendants and their Related Persons, or any Person designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court. All Members of the Class who fail to timely submit a Claim Form within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the Release of the Released Claims against the Released Persons.

46.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Member of the Class.

47.     The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
| --- |

48.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice claims asserted against Defendants in the Action and will provide that (a) each and every Class Member, on behalf of itself, himself or herself and their respective heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall be deemed to have – and by operation of the Judgment shall have – fully, finally, and forever released, relinquished, discharged and dismissed each and every one of the Released Claims (defined below) against each and every one of the Released Persons (defined below), whether or not such Class Member executes and delivers the Claim Form, and whether or not such Class Member shares in the Settlement Fund; and (b) each of the Defendants, on behalf of itself or herself and its or her heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall have fully, finally, and forever released, relinquished, and discharged each and every one of Defendants' Released Claims (defined below) against Lead Plaintiff, each Class Member and Plaintiffs' Counsel.

49.     "Released Claims" means to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims" as defined below) of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other Member of the Class (a) asserted in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, filings with the United States Securities and Exchange Commission, other public disclosure

-18-

documents or regulatory filings, public statements, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or sale of ALC Stock during the Class Period. "Released Claims" also means, to the fullest extent allowed by law, all claims and causes of action (including "Unknown Claims") that Lead Plaintiff or any other Member of the Class could assert arising out of, relating to, or in connection with the defense, settlement or resolution of the Litigation. Notwithstanding the foregoing, "Released Claims" does not include claims (a) asserted in any derivative action or claims brought under the Employee Retirement Income Security Act based on similar allegations, or (b) based upon, relating to or arising out of the interpretation or enforcement of the terms of the Stipulation.

50. "Related Persons" means, as to ALC and Bebo, the following, only in their respective capacities as such: their past or present directors, officers, partners, controlling shareholders, employees, attorneys, accountants, insurers, predecessors, successors, assigns, parents, subsidiaries, divisions, and joint ventures, and Defendant Bebo's immediate family (as defined in 17 C.F.R. Section 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)).

51. "Released Persons" means ALC, Bebo, and their Related Persons.

52. "Defendants' Released Claims" means all claims and causes of action (including "Unknown Claims" as defined below) of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, that any Defendant may have against Lead Plaintiff, Plaintiffs' Counsel, or any Class Member or any advisor to Lead Plaintiff or Plaintiffs' Counsel, acting as such, arising out of, relating to, or in connection with the institution, prosecution, investigation, settlement or resolution of the Litigation; provided that Defendants' Released Claims does not include claims based upon, relating to or arising out of the interpretation or enforcement of the terms of this Stipulation.

53. "Unknown Claims" means any Released Claims, or Defendants' Released Claims, as applicable, that Lead Plaintiff or any Class Member, or any Defendant as applicable,

-19-

does not know or does not suspect to exist in his, her, or its favor at the time of the release of the Released Persons or the Persons released from Defendants' Released Claims, as applicable, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons or the Persons released from Defendants' Released Claims, as applicable, or might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all Released Claims, and any and all Defendants' Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished the provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiff and Defendants shall expressly waive and relinquish, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished, any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any foreign state or territory, or any principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. Lead Plaintiff, Class Members, or Defendants may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims or Defendants' Released Claims, as applicable; but Lead Plaintiff and Defendants upon the Effective Date shall expressly, fully, finally and forever settle and release and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever settled and released any and all Released Claims against all Released Persons, and any and all Defendants' Released Claims, as applicable, known or unknown, suspected or unsuspected, contingent or non-contingent, whether

-20-

or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, regulation or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver of "Unknown Claims" (and inclusion of "Unknown Claims" in the definition of "Released Claims" and "Defendants' Released Claims") was separately bargained for and is a key element of the Settlement of which this release is a part**.**

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

54.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, plus interest at the same rate and for the same time period as earned by the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of certain litigation expenses paid or incurred by Plaintiffs' Counsel in an amount not to exceed $85,000.00, plus interest at the same rate and for the same time period as earned by the Settlement Fund. The request for reimbursement of expenses may include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4). The sums approved by the Court will be paid from the Settlement Fund. Members of the Class are not personally liable for the payment of these sums.

| HOW DO I PARTICIPATE IN THE SETTLEMENT? |
| WHAT DO I NEED TO DO? |

55.     If you purchased or otherwise acquired ALC Stock between March 4, 2011 and August 6, 2012, inclusive, and were allegedly damaged thereby, and you are not excluded by the definition of the Class, and you do not elect to exclude yourself from the Class, then you are a Member of the Class and you will be bound by the proposed Settlement if the Court approves it, and you will be bound by any judgment or determination of the Court affecting the Class.  If you are a Member of the Class, and you wish to be potentially eligible to receive a payment from the Net Settlement Fund, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Net Settlement Fund.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is www.ALCSecuritiesLitigation.com. You may also request a Claim Form by calling toll-free (866) 963-9978.  Copies of the Claim Form can also be downloaded from Lead Counsel's website at www.blbglaw.com.  Those who exclude themselves from the Class, and those who do not submit valid Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement.  Please retain all records of your ownership of, or transactions in ALC Stock, as they may be needed to document your claim.

56.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must timely file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

57.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement?  How Do I Exclude Myself?" below.

Case 2:12-cv-00884-JPS   Filed 09/25/13   Page 22 of 29   Document 73-1

58.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

| WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF? |
|---|

59.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the United States), or otherwise delivers a written request for exclusion from the Class, addressed to ALC Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., EXCLUSIONS, 3410 West Hopkins Street, Milwaukee, WI 53216.  The exclusion request must be *received* no later than [21 calendar days prior to Settlement Hearing].  Any Class Member who wishes to be excluded from the Class must provide (a) the name, address and telephone number of the Person requesting exclusion; (b) the Person's transactions in ALC Stock during the Class Period, including, for each transaction, the date, the number of shares of ALC Stock purchased, acquired and/or sold or disposed of, and the price paid and/or received; and (c) a signed statement that the Person wishes to be excluded from the Class.

60.     Requests for exclusion will not be valid if they are not received within the time stated above, unless the Court otherwise determines.  Keep a copy of everything you mail, in case something is lost during shipping or processing.

61.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration or other proceeding concerning any of the Released Claims.

62.     If a Person requests to be excluded from the Class, that Person will not receive any benefit provided for in the Settlement.

63.     As set forth in a separate agreement executed between Lead Counsel and ALC's counsel, ALC shall have the right to terminate the settlement in the event that Members of the Class representing a certain number of Eligible Shares, who would otherwise be entitled to receive a distribution from the Net Settlement Fund, choose to exclude themselves from the Class.

<div style="border:1px solid black; padding:10px; text-align:center">

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</div>

64.     If you (a) support or do not oppose the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses, or (b) you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.

65.     The Settlement Hearing will be held on _____, at _:__ _.m. before the Honorable J.P. Stadtmueller, at the United States District Court for the Eastern District of Wisconsin, 362 United States District Courthouse, 517 East Wisconsin Ave., Courtroom 425, Milwaukee, Wisconsin.  The Court reserves the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of litigation expenses at or after the Settlement Hearing without further notice to the Members of the Class.

66.     Any Member of the Class who does not request exclusion from the Class in the manner set forth above may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses.  Objections or oppositions must be in writing.  You must file any written objection or opposition, together with

Case 2:12-cv-00884-JPS   Filed 09/25/13   Page 24 of 29   Document 73-1

copies of all other papers (including proof of all purchases or other acquisitions of ALC Stock during the Class Period) and briefs, with the Clerk's Office at the United States District Court for the Eastern District of Wisconsin, at the address set forth below on or before [21 calendar days before the Settlement Hearing].  You must also serve the papers on Lead Counsel for the Class and counsel for Defendants by hand or first-class mail, at the addresses set forth below so that the papers are *received* on or before [21 calendar days before the Settlement Hearing].

**Clerk's Office**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
WISCONSIN
Clerk of the Court
362 United States Courthouse
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

**Lead Counsel for the Class**

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
Blair A. Nicholas
Niki L. Mendoza
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582

**Counsel for Defendants**

MILBANK, TWEED, HADLEY
    & McCLOY LLP
Michael L. Hirschfeld
Thomas A. Arena
1 Chase Manhattan Plaza
New York, New York 10005

REED SMITH LLP
Sarah R. Wolff
David Z. Smith
10 S. Wacker Drive
Chicago, Illinois 60606

67.    The filing must demonstrate your membership in the Class, including a list of all of your Class Period transactions in ALC Stock during the Class Period, including dates and prices paid and received, and including brokerage confirmation receipts or other competent documentary evidence of such transactions.  You may not object to the Settlement or any aspect of it if you are not a Member of the Class or if you excluded yourself from the Class.

68.    You may file a written objection without having to appear at the Settlement Hearing.  Any objection must include:  (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in ALC Stock, including dates and prices paid and received, and including brokerage confirmation receipts or other competent documentary evidence of such transactions; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of

-25-

any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; and (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of litigation expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the Settlement.

69.     You may not appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

70.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before [21 calendar days before the Settlement Hearing] concerning your intention to appear. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

-26-

71. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will share in the Settlement Fund if you file a Claim Form in the manner stated above and the Claims Administrator approves your claim.

72. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before [21 calendar days prior to the Settlement Hearing].

73. The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**UNLESS THE COURT ORDERS OTHERWISE, ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE PROPOSED SETTLEMENT, THE PROPOSED PLAN OF ALLOCATION, OR LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES. CLASS MEMBERS DO NOT NEED TO APPEAR AT THE HEARING OR TAKE ANY OTHER ACTION TO INDICATE THEIR APPROVAL.**

| WHAT IF I BOUGHT ALC STOCK ON SOMEONE ELSE'S BEHALF? |
| --- |

74. If you purchased or otherwise acquired ALC Stock during the Class Period for the beneficial interest of a person or organization other than yourself, you must either (a) request within ten (10) days of receipt of this Notice additional copies of this Notice and the Claim Form for such beneficial owners from the Claims Administrator at ALC Securities Litigation, Claims Administrator, c/o A.B. Data, Ltd., FULFILLMENT, 3410 West Hopkins Street, P.O. Box 170500, Milwaukee, WI 53217-8091; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator, at the address stated in subparagraph (a), within

ten (10) days after receipt of this Notice. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. If you elect to send the Notice to beneficial owners, you are directed to mail the Notice within ten (10) days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed, and you shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by timely providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling toll-free (866) 963-9978, may be downloaded from the settlement website, www.ALCSecuritiesLitigation.com or from Lead Counsel's website, www.blbglaw.com.

> ### CAN I SEE THE COURT FILE?
> ### WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

75. This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.ALCSecuritiesLitigation.com, including, among other documents, copies of the Stipulation, the Claim Form and the Complaint.

76. All inquiries concerning this Notice or the Claim Form should be directed to:

-28-

ALC Securities Litigation
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170500
Milwaukee, WI 53217-8091
(866) 963-9978
info@ALCSecuritiesLitigation.com
www.ALCSecuritiesLitigation.com

Blair A. Nicholas, Esq.
Niki L. Mendoza, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, California 92130-3582
(866) 648-2524
blbg@blbglaw.com
www.blbglaw.com

**Claims Administrator**

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____

By Order of the Clerk of Court
United States District Court
for the Eastern District of Wisconsin

-29-