UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS and ROBERT LIFSON, <br><br> Plaintiff, <br><br> v. <br><br> ASSISTED LIVING CONCEPTS, INC., and LAURIE BEBO, <br><br> Defendant. | Case No. 12-CV-884-JPS <br><br><br> FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

This matter came before the Court for hearing pursuant to the Order of this Court, dated September 25, 2013 ("Preliminary Approval Order," ECF No. 73), on the application of the Lead Plaintiff for approval of the Settlement set forth in the Stipulation of Settlement (the "Stipulation"). Full and adequate notice having been given to the Class as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies the Litigation as a class action for settlement purposes only. The Class consists of all Persons who purchased or otherwise acquired ALC Stock between March 4, 2011 and August 6, 2012, inclusive, and were allegedly damaged thereby. Excluded from the Class are Defendants, present or former executive officers of ALC and their immediate family members (as defined in 17 C.F.R. Section 229.404, Instructions (1)(a)(iii) and 1(b)(ii)). Also excluded from the Class is the person who submitted a valid request for exclusion, as set forth on Exhibit 1 hereto.

4. With respect to the Class, this Court finds, solely for the purposes of settlement, that:

(a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable;

(b) there are questions of law and fact common to the Class;

(c) the claims by Lead Plaintiff are typical of the claims of the Class;

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members;

(e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of

any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiff and the Class. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class. The Court further finds that Lead Plaintiff and Defendants have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects. The Settling Parties are hereby directed to perform its terms.

6. Except as to any individual claim of the Person who validly requested exclusion from the Class (identified in Exhibit 1 hereto), the Litigation is dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Pursuant to this Judgment, upon the Effective Date, each and every Class Member, on behalf of itself, himself or herself and their respective heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall be deemed to have - and by operation of this Judgment shall have - fully, finally, and forever released, relinquished, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Persons, whether or not such Class

Member executes and delivers the Claim Form, and whether or not such Class Member shares in the Settlement Fund.

8. Pursuant to this Judgment, upon the Effective Date, each of the Defendants, on behalf of itself or herself and its or her heirs, executors, administrators, successors and assigns, in their respective capacities as such, shall have fully, finally, and forever released, relinquished, and discharged each and every one of Defendants' Released Claims against Lead Plaintiff, each Class Member and Plaintiffs' Counsel.

9. The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934 (as amended by the Private Securities Litigation Reform Act of 1995), 15 U.S.C. § 78u-4(a)(7), due process, and any other applicable law.

10. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and/or expense application shall in no way disturb or affect this Final Judgment And Order Of Dismissal With Prejudice and shall be considered separate from this Final Judgment And Order Of Dismissal With Prejudice.

11.     As set forth in the Stipulation, the Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any Released Claim or of any alleged wrongdoing or alleged liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any alleged fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be or may be used as an admission by, or evidence of, a finding against, Defendants with respect to certification of any class or any class definition.  Any Person may file the Stipulation and/or this Judgment in any action in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Final Judgment And Order Of Dismissal With Prejudice in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund, including without limitation consideration of a plan of allocation; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all

parties hereto for the purpose of construing, enforcing and administering the Stipulation and the Settlement therein.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Final Judgment And Order Of Dismissal With Prejudice shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2013.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Judgment entered this 19th day of December, 2013.

JON W. SANFILIPPO
Clerk of Court

By: s/ Nancy A. Monzingo
    Deputy Clerk

EXHIBIT 1
(Persons excluded from the Class)

Estela Bischof