UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| PENSION TRUST FUND FOR OPERATING ENGINEERS and ROBERT LIFSON,<br><br>                      Plaintiff,<br>v.<br><br>ASSISTED LIVING CONCEPTS, INC., and LAURIE BEBO,<br><br>                      Defendant. | Case No. 12-CV-884-JPS<br><br><br>ORDER FOR ATTORNEY FEES AND EXPENSES |

      WHEREAS, Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses filed November 14, 2013 (the "Fee Motion," ECF No. 75), came before the Court for hearing on December 19, 2013, pursuant to the Court's Order Preliminarily Approving Settlement, Certifying Class, Providing for Notice and Scheduling Settlement Hearing ("Preliminary Approval Order," ECF No. 73), and due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court, having read and considered the Fee Motion and supporting declarations and exhibits and being fully informed of the related proceedings,

      IT IS HEREBY ORDERED that:

      1.    This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of August 27, 2013 (the "Stipulation," ECF No. 70-1), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

      2.    This Court has jurisdiction over the subject matter of the Litigation, including all Members of the Class.

3. Notice of the Fee Motion was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

4. Class Members and any party from whom payment is sought have been given the opportunity to object to the Fee Motion in compliance with Federal Rule of Civil Procedure 23(h)(2).

5. The Fee Motion is hereby GRANTED.

6. The Court hereby awards attorneys' fees in the amount of $3,000,000.00, which is 25% of the Settlement Fund. The Court finds that an award of attorneys' fees of 25% is fair and reasonable in light of the following factors, among others: the contingent nature of the litigation; the award is consistent with, or less than, fee awards approved by and within the Seventh Circuit in other common fund cases; the quality of Lead Counsel's legal services that produced excellent results; the institutional investor Lead Plaintiff's support of the fee and expense application; and the reaction of the Class. Further, the requested award of attorneys' fees is also supported by a lodestar multiplier cross-check.

7. The Court also grants Lead Counsel's request for reimbursement of Plaintiffs' Counsel's litigation expenses in the amount of $54,926.82. The litigation expenses incurred by Plaintiffs' Counsel have been adequately documented and were reasonably incurred for the benefit of the Class, and the Court finds that reimbursement of those expenses is justified.

8. Interest is awarded on the amounts awarded above in Paragraphs 6 and 7, at the same rate and for the same periods as earned by the Settlement Fund.

9. Pursuant to Paragraph 6.2 of the Stipulation, the attorneys' fees and expenses awarded in Paragraphs 6-8 of this Order may be paid to Lead Counsel from the Escrow Account immediately after they are awarded by this Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, if any, subject to Lead Counsel's obligation to repay all such amounts pursuant to Paragraph 6.3 of the Stipulation.

10. Pursuant to Paragraph 6.5 of the Stipulation, Lead Counsel shall have the sole authority and responsibility to allocate the Court-awarded attorneys' fees and Litigation Expenses amongst Plaintiffs' Counsel in a manner which Lead Counsel, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Litigation.

11. The finality of the Judgment entered with respect to the Settlement shall not be affected in any manner by this Order, or an appeal from this Order.

12. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge