# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PENSION TRUST FUND FOR OPERATING ENGINEERS and ROBERT E. LIFSON,

Plaintiffs,

v.

ASSISTED LIVING CONCEPTS INC. and LAURIE A. BEBO,

Defendants.

Case No. 12-CV-884-JPS

**ORDER**

On July 30, 2018, Lead Plaintiff moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"). The Court, having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Adam D. Walter in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Walter Declaration"), will grant the motion (Docket #83).

Accordingly,

**IT IS ORDERED** that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated August 27, 2013, and filed with the Court September 6, 2013, (Docket #70-1) (the "Stipulation") and the Walter Declaration (Docket #84), and all terms used herein shall have the same meanings as set forth in the Stipulation or the Walter Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants be and the same is hereby **APPROVED**.

Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), to accept the Timely Eligible Claims set forth in Exhibit D to the Walter Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit E to the Walter Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible Claims as set forth in Exhibit F to the Walter Declaration, including the Disputed Claims discussed in paragraphs 26–27 of the Walter Declaration are adopted;

(c) A.B. Data is directed to distribute 100% of the Net Settlement Fund after deducting all payments previously allowed and the payments approved by the Court on this motion, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their Recognized Claim in comparison to the Recognized Claim of all Authorized Claimants, as further detailed in paragraph 38(a) of the Walter Declaration (the "Distribution"). A.B. Data shall notify Authorized Claimants who do not satisfy the $10.00 *de minimis* requirement that they

will not be receiving any distribution from the proceeds of the Settlement;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT DEPOSITED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and A.B. Data are authorized to take appropriate action to locate and/or contact any Authorized Claimant who have not cashed his, her, or its check within said time as detailed in paragraph 38(c) footnote 3 of the Walter Declaration;

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 38(c) footnote 3 of the Walter Declaration shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be redistributed to other Authorized Claimants, if Lead Counsel, in consultation with A.B. Data, determines that it is cost effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in paragraph 38(c) footnote 3 of the Walter Declaration shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as

set forth in paragraph 38(d) footnote 3 of the Walter Declaration), but no earlier than nine (9) months after the Distribution, A.B. Data shall, if Lead Counsel, in consultation with A.B. Data, determines that it is cost effective to do so, conduct a second distribution (the "Second Distribution"), pursuant to which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting A.B. Data's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution) and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and are entitled to at least $10.00 from such redistribution based on their *pro rata* share of the remaining funds. Additional redistributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with A.B. Data, determines that further redistribution is not cost effective;

(g) At such time as Lead Counsel, in consultation with A.B. Data, determines that further redistribution of the funds remaining in the Net Settlement Fund is not cost effective, if sufficient funds remain to warrant the processing of Claims received after June 30, 2018, such Claims shall be processed, and any otherwise valid Claims received after June 30, 2018, as well as

any earlier received Claims for which an adjustment was received after June 30, 2018, which resulted in an increased Recognized Claim, shall be paid in accordance with subparagraph 38(h) below. If any funds shall remain in the Net Settlement Fund after payment of any such late or late adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court;

(h) No new Claims may be accepted after June 30, 2018, and no further adjustments to Claims received on or before June 30, 2018, that would result in an increased Recognized Claim amount may be made for any reason after June 30, 2018, subject to the following exception. If Claims are received or modified after June 30, 2018, that would have been eligible for payment or additional payment under the Plan of Allocation if timely received then, at the time that Lead Counsel, in consultation with A.B. Data, determines that a redistribution is not cost effective as provided in subparagraph (g) above, then, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow

fees, such Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, Liaison Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released pursuant to the Settlement beyond the amounts allocated to Authorized Claimants;

(j) All of A.B. Data's fees and expenses incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund, as set forth in the invoices attached as Exhibit G to the Walter Declaration, are approved, and Lead

Counsel is directed to pay the outstanding balance of $101,949.81 out of the Settlement Fund to A.B. Data; and

(k) Unless otherwise ordered by the Court, one year after the Second Distribution if that occurs or, if there is no Second Distribution, two years after the Distribution, A.B. Data shall destroy the paper copies of the Claims and all supporting documentation and, one year after all funds have been distributed, A.B. Data shall destroy electronic copies of the same.

4. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2018.

BY THE COURT:

____________________________
J. P. Stadtmueller
U.S. District Judge